# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

————

No. 16-60692

————

BRENDA LETICIA ALVARADO-VELASQUEZ; JOCELIN JUDITH CANO-ALVARADO; SANDY VANESSA CANO-ALVARADO; DEBORA YESENIA CANO-ALVARADO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

—————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 845 405
BIA No. A206 845 406
BIA No. A206 845 407
BIA No. A206 845 408

—————————————

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Brenda Leticia Alvarado-Velasquez, on behalf of herself and three of her children, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the Convention Against Torture (CAT).  As the BIA relied in substantial part on the IJ's order, we may consider the reasoning of both the BIA and the IJ.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

We review for substantial evidence the determination that an alien is not eligible for asylum, withholding of removal, or CAT relief.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under this standard, we may not reverse a factual finding unless the evidence compels it.  *Wang*, 569 F.3d at 537.  Alvarado-Velasquez must carry the burden of demonstrating that the evidence compels a contrary conclusion.  *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Alvarado-Velasquez does not challenge the BIA's dismissal of her claim for asylum based upon her past persecution on account of her membership in the particular social group (PSG) "female immediate family of Ferdin Cano Ramos"; accordingly, she has abandoned this claim.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  In light of the record evidence that her assailants in 2013 were primarily motivated by economic concerns, substantial evidence supports the BIA's finding that Alvarado-Velasquez's membership in the proposed PSG "Guatemalan women living without male protection" was not a central reason that she suffered past persecution.  *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2004).  Because Alvarado-Velasquez fails to show that she suffered past persecution on account of a protected ground, she necessarily fails to show that the BIA erred in holding that she is not entitled to humanitarian asylum. *See Shehu v. Gonzales*, 443 F.3d 435, 440 (5th Cir. 2006).

The BIA declined to address for lack of exhaustion, and we therefore lack jurisdiction to consider, Alvarado-Velasquez's claim that she is entitled to asylum based upon her well-founded fear of future persecution on account of

No. 16-60692

her membership in the proposed PSG "female survivors of gang sexual violence who have fled Guatemala." *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009); *Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004). Because Alvarado-Velasquez fails to show that she is entitled to asylum, she necessarily fails to show that she is entitled to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Finally, the record evidence does not compel a finding that the BIA erred by concluding that Alvarado-Velasquez has failed to show that she would suffer torture by state actors for purposes of CAT relief. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.